■ In the Matter of NAQWANA TIMOTHY W. and Others, Infants. CRYSTAL W., Appellant; LUTHERAN COMMUNITY SERVICES, INC., Respondent. [605 NYS2d 848] —Order, Family Court, New York County (Michael Gage, J.), entered on or about April 13, 1992, unanimously affirmed for the reasons stated by Gage, J., without costs and without disbursements. No opinion. Concur—Carro, J. P., Kupferman, Asch, Rubin and Nardelli, JJ.

■ THOMAS QUINN, Appellant, v CITY OF NEW YORK, Respondent. [604 NYS2d 69] —Judgment, Supreme Court, New York County (William Davis, J.), entered August 6, 1992, after a jury verdict rendered in favor of defendant and against plaintiff, unanimously affirmed, without costs.

Since plaintiff failed to meet his burden of proving that "a violation of a safety regulation promulgated pursuant to Labor Law § 241 (6) was the proximate cause of the accident" *(Ares v State of New York,* 80 NY2d 959, 960), he was not entitled to a directed verdict. Further, as the jury could have reached its decision by a fair interpretation of the evidence, the court properly refused to set it aside *(see, Pettersen v Curreri,* 99 AD2d 774). Finally, the court's charge, which included elements of common-law negligence as to the contractor, was proper, as "Labor Law § 241 (6) is, in a sense, a hybrid, since it reiterates the general common-law standard of care and then contemplates the establishment of specific detailed rules through the Labor Commissioner's rule-making authority" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503). Concur—Carro, J. P., Kupferman, Asch, Rubin and Nardelli, JJ.